UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 07-12229-RGS

ANTONIO MEDEROS

v.

ROBERT MURPHY, et al.

MEMORANDUM AND ORDER

December 21, 2007

STEARNS, D.J.

On November 29, 2007, Antonio Mederos, a Cuban citizen now temporarily committed to the Massachusetts Treatment Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release to the custody of the Department of Homeland Security so that he may be removed to Spain pursuant to a 2001 deportation order. His petition contains numerous exhibits and is accompanied by motions for appointment of counsel, service by United States Marshal and waiver of the $5 filing fee.

For the reasons stated below, petitioner's motions are denied the petition is dismissed.

BACKGROUND

Petitioner Mederos is a native and citizen of Cuba. See Petition, § 3.1. He entered the United States under the Mariel Boat lift. Id. Removal proceedings were commenced after Mederos' 2000 guilty plea to Rape and Abuse of a Child Under the Age of 16 and Indecent Assault and Battry on a person 14 or older. While serving his state criminal sentence in the custody of the Massachusetts Department of Correction, a hearing was held by the Immigration Court on July 25, 2001, and Mederos was ordered deported.

Before Mederos' scheduled release from state custody in 2003, the Suffolk County District Attorney's Office filed a petition in state court on December 19, 2002, seeking to civilly commit Mederos.  Despite the fact that Mederos was represented by counsel, his motion to dismiss the Commonwealth's petition was denied on October 7, 2003, and he was civilly committed.

In the instant petition, Mederios complains that the Commonwealth, rather than transferring him into federal custody upon the expiration of his criminal sentence, improperly sought his civil commitment, thus delaying his removal from the United States.  His petition references several cases that he mistakenly believes support his request for relief.  He seeks to have this Court issue an order directing the Massachusetts Department of Correction to release him to the custody of the United States Department of Immigration and Customs Enforcement for the purpose of his removal from the United States.

## SCREENING

Although Mederos brings this petition under 28 U.S.C. § 2241, the rules governing petitions brought pursuant to § 2254 cases may be applied to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.  Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...."  Similarly, under 28 U.S.C. § 2243, if "it appears from the application that the applicant or person detained is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ should not be granted."

In considering whether Mederos' petition clears this hurdle, the Court liberally

construes his petition because he is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## DISCUSSION

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge the constitutionality of that custody.  28 U.S.C. § 2241(c)(3).

An alien that is ordered removed from the United States is to be removed by the Attorney General within a ninety-day period. 8 U.S.C. § 1231(a)(1)(A). The ninety-day removal period for aliens that are confined, except under the immigration process, does not begin until the date that the alien is released from confinement. 8 U.S.C. § 1231(a)(1)(B); see also Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 738 (5th Cir. 2005)  ("removal period does not start until his state term of incarceration ends"). The governing statute specifically addresses aliens that are imprisoned stating that "the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment. Parole, supervised release, probation, or possibility of arrest for further imprisonment is not a reason to defer removal." 8 U.S.C. § 1231(a)(4)(A).

There is an exception to this general rule prohibiting the removal of an alien until he has been released from custody. An alien in State custody convicted of a non-violent crime can be removed prior to serving his full sentence if the chief State official determines "removal is appropriate and in the best interest of the State," and "submits a written request to the Attorney General that such alien be so removed." 8 U.S.C. § 1231(a)(4)(B)(ii). This exception is not applicable.

Under the circumstances, Mederos has failed to state a claim for which habeas relief can be granted.  When petitioner is released from MCI Bridgewater, the ninety-day

removal period will commence, and his removal from the United States will be scheduled.

## ORDER

Based upon the foregoing, the Court denies the instant petition for writ of habeas corpus and ORDERS that this action be dismissed without prejudice. It is further ORDERED, that the fee-waiver motion is allowed, the motion for counsel denied and the motion for service denied.

                        SO ORDERED.

                        /s/ Richard G. Stearns
                        UNITED STATES DISTRICT JUDGE